UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § § § § § § § § § § § § § § § § | NO. SA-22-CR-00366-OLG |
| VS. | |
| **(1) HOMERO ZAMORANO JR.,** **(4) FELIPE ORDUNA-TORRES**   aka CHOLO   aka CHUEQUITO/CHUEKITO   aka NEGRO, **(7) ARMANDO GONZALES-ORTEGA**   aka EL DON   aka DON GON, | |
| **Defendants.** | |

GOVERNMENT'S MOTION FOR HEARINGS
PURSUANT TO *LAFLER V. COOPER* AND *MISSOURI V. FRYE*

The United States herein requests individual hearings for each of the above-named defendants pursuant to *Lafler v. Cooper*, 132 S. Ct. 1376 (2012) and *Missouri v. Frye*, 132 S. Ct. 1399 (2012) so that the Court can confirm each defendant's intention to proceed to trial.

In *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), the Supreme Court held that a defendant who turned down a plea offer because he received incorrect legal advice from his attorney may maintain a claim for ineffective assistance of counsel. Whether this factual allegation is true or not, it is evidence that, if true, would establish the claim for relief, and a district court would need to hold an evidentiary hearing to determine the truth of the petitioner's claims in the absence of any contradictory sworn testimony given at a plea hearing. *See United States v. Reed*, 719 F.3d 369 (5th Cir. 2013).

To prevent this situation, the Government requests a hearing to confirm (1) that the defendant has received the Government's plea offer; and (2) that the defendant has had a sufficient

opportunity to discuss the plea offer with his attorney, including of the risks of rejecting the plea offer and proceeding to trial. Specifically, the Government wishes to confirm on the record that defendant has discussed the plea offer with counsel and is electing to proceed to trial, all without disclosing the specific terms of the plea offer in open court and without the court commenting in any way on the advisability of a plea.

After said hearing, should defendant wish to plead guilty or be found guilty at trial, the Government will not move for a sentencing reduction under § 3E1.1 of the Federal Sentencing Guidelines because the defendant would not have "timely notify[ed] authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently."

THEREFORE, the Government respectfully prays the Court to grant the Government's motion for hearings pursuant to *Lafler v. Cooper*, 132 S. Ct. 1376 (2012) and *Missouri v. Frye*, 132 S. Ct. 1399 (2012), as soon as is convenient for the Court.

Respectfully submitted,

JAIME ESPARZA
United States Attorney

  /s/
Eric Fuchs
Assistant United States Attorney
Texas State Bar No. 24059785
601 NW Loop 410, 6th Floor
San Antonio, Texas 78216
(210) 384-7445

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2024, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to Counsel of Record.

/s/
Eric Fuchs
Assistant United States Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § § § | NO.  SA-22-CR-00366-OLG |
| **VS.** | § § § | |
| **(1) HOMERO ZAMORANO JR.,** <br> **(4) FELIPE ORDUNA-TORRES** <br>     aka CHOLO <br>     aka CHUEQUITO/CHUEKITO <br>     aka NEGRO, <br> **(7) ARMANDO GONZALES-ORTEGA** <br>     aka EL DON <br>     aka DON GON, | § § § § § § § § § | |
| **Defendants.** | § | |

# ORDER

On this day, the Court considered the Government's Motion to for a *Lafler / Frye* hearing in the above-styled and numbered cause.   The Court finds that said motion should be GRANTED.

It is therefore ORDERED that each of the above-listed defendants be set <u>individually at separate times</u> for a hearing pursuant to *Lafler v. Cooper*, 566 U.S. 156 (2012) and *Missouri v. Frye*, 566 U.S. 134 (2012).


SIGNED this _____ day of February, 2024.


_____
ORLANDO GARCIA
 U.S. DISTRICT COURT JUDGE