UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | |  |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CAUSE NO. 5:22-cr-00366-OLG |
| HOMERO ZAMORANO, JR. | § § § | |

**DEFENDANT ZAMORANO'S MOTION TO DISMISS CHARGING STATUTE'S PENALTY PROVISIONS AS VOID FOR VAGUENESS**

TO THE HONORABLE ORLANDO L. GARCIA, UNITED STATES DISTRICT JUDGE:

Defendant Homero Zamorano moves to dismiss his charges' penalty elements—in 8 U.S.C. § 1324(a)(1)(B)(iii) and (iv)—because these penalty elements are unconstitutionally vague in violation of due process. Specifically, he contends (1) that the charging statute's penalty elements are facially void for vagueness, and (2) that he may raise this facial challenge regardless of whether the statute is unconstitutionally vague as applied to his conduct. Zamorano asks for a pretrial ruling resolving both questions. Alternatively, he argues that these penalty elements are also void for vagueness as applied to his conduct, but the Court must defer ruling on the as-applied challenge because it depends on contested fact issues that will be developed at trial. Regardless, Zamorano asks for a pretrial ruling on (1) whether § 1324(a)(1)(B)(iii) and (iv) are facially void for vagueness and (2) whether Zamorano may raise such a facial challenge irrespective of the facts of his case.[1]

---

[1] A pretrial ruling will let Zamorano appeal any adverse decision on § 1324's constitutionality by, if he so chooses, entering an open plea. *See Class v. United States*, 583 U.S. 174, 178 (2018); Fed. R. Crim. P. 12(d) ("the court must not defer ruling on a pretrial motion if the deferral will adversely affect a party's right to appeal.").

## BACKGROUND

The government charges Zamorano with conspiring to transport undocumented noncitizens, as well as aiding and abetting and actually committing the same offense, under 8 U.S.C. § 1324(a)(1)(A)(ii) and (v). *See* Doc. 256 (Third Superseding Indictment). For ease of reference and concision, Zamorano will refer to this base offense as "transportation of aliens." This base offense—under § 1324(a)—is not contested in this motion. The base offense carries statutory maximum sentences of either 5 or 10 years in prison. *See* § 1324(a)(B)(i)-(ii).

The government also charges Zamorano with two statutory penalties that increase the maximum sentence available. *See* Doc. 256.[2] These two penalties are the subject of this motion. The first charged penalty is for transporting aliens "during and in relation to which the person causes serious bodily injury . . . or places in jeopardy the life of, any person," under § 1324(b)(iii). This penalty increases the statutory maximum to 20 years in prison. The second charged penalty is for transporting aliens "resulting in the death of any person," under § 1324(b)(iii). This penalty increases the statutory maximum sentence to life or death.

## ARGUMENT

These penalty elements are void for vagueness. The Fifth Circuit has continually sidestepped the question of what standard of causation triggers either penalty. And even if the Court were to read the statute to require a certain causation standard (none of which are models of clarity), the penalties apply not just when the defendant's transport causes jeopardy, injury, or death to one of the defendant's transported aliens, but rather when the defendant's transport (or

---

[2] As the penalty provisions raise the maximum sentence, they are elements. *See United States v. Williams*, 449 F.3d 635, 645 (5th Cir. 2006); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).

2

even attempted transport) causes risk, injury, or death to "any person," vastly increasing the statute's reach to harming or endangering any third person.

**1) The charging statute's penalty elements are facially void for vagueness.**

These penalty provisions violate the due process prohibition against vague laws. Under the Fifth Amendment, vague statutes are void, meaning that "the Government violates [the] guarantee [of due process] by taking away someone's life, liberty, or property under a criminal law [1] so vague that it fails to give ordinary people fair notice of the conduct it punishes, *or* [2] so standardless that it invites arbitrary enforcement." *Johnson*, 576 U.S. at 595 (cleaned up) (emphasis added). Fair notice for people "of common intelligence" is the "first essential of due process." *United States v. Davis*, 139 S. Ct. 2319, 2325 (2019) (cleaned up). And the bar on arbitrary enforcement serves the separation of powers: Congress must clearly define crimes, not unelected "police officers, prosecutors, juries, and judges." *Sessions v. Dimaya*, 584 U.S. 148, 156 (2018) (same). "These principles apply not only to statutes defining elements of crimes, but also"—as relevant here—"to statutes fixing sentences." *Johnson*, 576 U.S. at 596.

Section 1324(a)(1)(B)(iii) and (iv) are void for vagueness. For one reason, the Fifth Circuit has repeatedly declined to decide what standard of causation triggers either penalty. Further, though the Court may read the statute to require a certain causation standard, whatever standard the Court chooses still will not provide adequate fair notice or sufficient guard against arbitrary enforcement, especially because the penalties apply to an extremely broad swath of potential victims—that is, they apply whenever the defendant's transport (or even attempted transport) causes death, injury, or jeopardy to "any person."

**i) No established standard.** First, despite being presented with the question, the Fifth Circuit has repeatedly declined to decide the correct standard of causation for both penalty

provisions. *See United States v. Ruiz-Hernandez*, 890 F.3d 202, 210-11 (5th Cir. 2018) (death result); *United States v. Alvarado-Casas*, 715 F.3d 945, 952–53 (5th Cir. 2013) (causing injury or placing life in jeopardy result); *United States v. De Jesus-Ojeda*, 515 F.3d 434, 444–45 (5th Cir. 2008) (death result and causing injury or placing life in jeopardy result); *United States v. Tamez*, No. 20-40848, 2021 WL 6101372, at *1 (5th Cir. Dec. 21, 2021) (death result); *see also* Fifth Circuit Pattern Jury Instruction 2.01A Note (2024 ed.) (noting Fifth Circuit has declined to decide if death result must be reasonably foreseeable, i.e., the proximate cause of the defendant's conduct). So an individual does not know what standard of causation would apply to any act of transport. And prosecutors, judges, and juries (none of them in the legislative branch) are left with broad leeway for arbitrary enforcement.

  **ii) <u>Reading in a causation standard.</u>** Courts sometimes resolve these types of vagueness challenges by reading a causation standard into the text of a statute, to avoid the constitutional problem by providing some clarity (never mind that the challenger had no notice of that standard at the time of the indicted conduct). *See, e.g., United States v. Hayes*, 589 F.2d 811, 821–22 (5th Cir. 1979). But even if the Court were to read in a causation standard, that would not avoid the vagueness problem.

  To explain, when a statute allows an increased penalty if the defendant's base offense causes a certain result, but the statute does not specify what type of causation applies to determine if the offense caused the result, courts frequently read the statute to require both "but-for" (or "actual") cause and "proximate" (or "legal") cause. *See Burrage v. United States*, 571 U.S. 204, 210 (2014); LaFave, 1 Subst. Crim. L. § 6.4(a) (3d ed.) (Oct. 2023 Update) (body text preceding n. 9); *see also Hayes*, 589 F.2d at 821 (applying common law presumption of proximate cause to statute increasing penalty for violating another's constitutional rights "if death results").

4

Actual cause "requires proof that the harm would not have occurred in the absence of—that is, but for—the defendant's conduct." *Burrage*, 571 U.S. at 211 (cleaned up); *see also* LaFave, 1 Subst. Crim. L. § 6.4 (actual cause means that "but for the conduct the result would not have occurred").

In contrast, proximate cause is "'a flexible concept'" that "'is often explicated in terms of foreseeability or the scope of the risk created by the predicate conduct'" and "'thus serves . . . to preclude liability in situations where the causal link between conduct and result is so attenuated that the consequence is more aptly described as mere fortuity.'" *United States v. Hodge*, 933 F.3d 468, 475 (5th Cir. 2019), *as revised* (Aug. 9, 2019) (quoting *Paroline v. United States*, 572 U.S. 434, 444-45 (2014)). Or, as LaFave explains, proximate cause determines if "any variation between the result intended (with intent crimes) or hazarded (with reckless or negligent crimes) and the result actually achieved is not so extraordinary that it would be unfair to hold the defendant responsible for the actual result." LaFave, 1 Subst. Crim. L. § 6.4. Put most simply, proximate cause asks: Was the result "reasonably foreseeable" to the defendant? *United States v. Ruiz-Hernandez*, 890 F.3d 202, 211 (5th Cir. 2018).

Here, though, even if the Court reads the statute to require but-for cause and proximate cause, *see Burrage*, 571 U.S. at 210, that does not solve the vagueness problem, for multiple reasons. For one, as the Court can perhaps glean from reading counsel's above attempt to explain proximate cause, the proximate cause standard is itself "notoriously confusing." *CSX Transp., Inc. v. McBride*, 564 U.S. 685, 701 (2011) (citation omitted). And "the lack of consensus on any one definition of 'proximate cause' is manifest." *Id.* (same). In fact, the Supreme Court has noted scholarship showing that "nearly one quarter of subjects misunderstood proximate cause to mean 'approximate cause' or 'estimated cause,'" and that "85% of actual and potential jurors were

5

unable to understand a [type of] pattern proximate-cause instruction." *Id.* at 702 (same). And while the proximate cause standard may be somewhat more heightened in criminal law than in tort law, criminal law's "proximate cause standard has [also] presented enormously difficult problems because of the vagueness of the term." *State v. Maldonado*, 645 A.2d 1165, 1180 (N.J. 1994) (cleaned up). Even in the criminal context, '[n]atural' and 'probable' and 'foreseeable,' 'substantial factor,' all of [the terms used to describe proximate cause], as used, [leave] juries not only a wide area within which to choose an outcome, but truly without substantial guidance in making that choice." *Id.*

The "notoriously confusing" concept of proximate cause provides little clarity to § 1324's penalty elements, creating fair notice and arbitrary enforcement problems. Take, for instance, a sober defendant-driver who knowingly transports three aliens in a temperature-controlled passenger vehicle, all properly wearing seatbelts while sitting in the passenger compartment, but who—while going a few miles over the speed limit—loses control around a curve and crashes the car. Was it reasonably foreseeable that this defendant's violation of the base offense would result in death, injury, or jeopardy to any of the passengers? Arguably, yes. Would it alter the outcome if the defendant were driving the speed limit? Arguably, no. Would it change the outcome if the accident were caused by a faulty engine part that the defendant did not know about and had no reason to know about? Again, arguably no. But reading this statute, the defendant would not know.

By contrast, in interpreting U.S.S.G. § 2L1.1(b)(6), which increases a § 1324 defendant's sentence for "intentionally or recklessly creating a substantial risk of death or serious bodily injury," the Fifth Circuit has limited the enhancement to situations where the defendant intentionally or recklessly increased the risk to the aliens, such as by recklessly fleeing officers. *See, e.g., United States v. Castelo-Palma*, 30 F.4th 284, 286-87 (5th Cir. 2022). But § 1324

6

Case 5:22-cr-00366-OLG   Document 286   Filed 09/12/24   Page 7 of 16

contains no similar "risk" language. Instead, § 1324(a)(1)(A)(2)'s mental state just requires the defendant to know or recklessly disregard that the transportees are undocumented noncitizens, and then that the death, injury, or jeopardy result from the transport. At least one judge has read § 1324 to import the Guideline's requirement that the "the risks inherent in all vehicular travel" should not trigger the death-result element. *See United States v. Alvarez*, No. 4:10-CR-00047-JAJ, 2010 WL 11534444, at *2 (S.D. Iowa Aug. 30, 2010). But that is not clear from the language of the statute, and the question does not seem to have been addressed by many courts, including the Fifth Circuit. The broad language of the statue leaves an incredibly broad swath of conduct open to prosecution and conviction, lending itself to arbitrary enforcement. And the "safe" driver-smuggler in the above example simply would not know if his conduct would trigger the penalty elements, undercutting fair notice too.

Worse yet, the penalty elements do not just apply to causing death, injury, or jeopardy to one of the transported aliens. Instead, they apply to causing death, injury, or jeopardy to "any person." § 1324(a)(1)(B)(iii) and (iv). The "any person" language appears to impose punishment for causing death, injury, or jeopardy to any third person, such as a pedestrian walking through a crosswalk, another motorist, or a worker in a roadside construction zone. Indeed, the Fifth Circuit affirmed a conviction for alien smuggling resulting in death, where the factual basis provided that the defendant-driver got in a car accident after his alien-passengers began struggling with him, and the accident resulted in the death of a third person. *See United States v. Garcia-Flores*, 207 F. App'x 397, 399–400 (5th Cir. 2006). Because the statute said "any person," the Fifth Circuit found no plain or obvious error in the factual basis. *See id.* Or to take an even more absurd example, defendants in the Western District of Virginia are currently facing charges that include transporting an alien (and conspiracy to do same) resulting in death because, when the defendant-kidnappers

7

allegedly arrived at a location to ransom the alien to her husband, the husband shot at them, killing their accomplice-kidnapper. *See United States v. Ordaz, et al.*, No. 3:24-cr-00015-RSB-JCH, Doc. 5 (W.D.V.A. 28 Aug. 2024) (Indictment).[3]

And again, since the statute does not explicitly require the factfinder to set aside "the risks inherent in all vehicular travel," would a safe-driving smuggler be prosecuted if he or she had the misfortune of killing or harming any third person in any traffic accident, even if the accident was not his fault? The smuggler would not know. Worse still, is getting in an accident with a third party—and thus risking "jeopardy" to another—reasonably foreseeable anytime a smuggler transports aliens by vehicle, even safely, with no accidents? Perhaps so. Again, the smuggler does not know. And because the plain language of the statute may arguably permit successful prosecution for any of these hypotheticals, the statute also subjects defendants to incredibly arbitrary enforcement.

Last, the Court may try to decrease the fair notice problems by reading the statute to only require but-for causation. Even so, however, the breadth of the but-for cause standard vastly increases the problem of arbitrary enforcement. It would arguably permit prosecution for all of the above hypotheticals, without the slightest regard for whether the death, harm, or jeopardy was reasonably foreseeable to the defendant. This is especially problematic where, again, the base offense does not require that the transport itself be reckless or even negligent.

---

[3] *See also "Kidnappers connected to deadly Charlottesville shooting apprehended in Texas,"* The Daily Progress (7 Sep. 2024), *available at* https://dailyprogress.com/news/local/crime-courts/kidnappers-connected-to-deadly-charlottesville-shooting-apprehended-in-texas/article_e5ed9dec-6d75-11ef-ab7a-b3c7a05091f4.html (last accessed 10 Sep. 2024).

For example, the Fifth Circuit has read USSG § 2L1.1(b)(7)—increasing an alien smuggling defendant's offense level "[i]f any person died or sustained bodily injury"—to require only but-for causation, and it affirmed application of the enhancement against a transporter when law enforcement shot and killed one of the transported migrants. *See United States v. Gaspar-Felipe*, 4 F.4th 330, 343–44 (5th Cir. 2021). And in discussing this guideline, the Fifth Circuit has even stated the causation standard would be met if a minor injury caused a migrant to visit a hospital that then exploded due to a gas leak:

> [I]f in the present case defendants' actions had merely sprained a passenger's hand, making him go to the hospital, and the hospital exploded from a gas leak, the defendants' actions would still have been a but-for cause of death. But for his sprained hand the passenger would not have gone to the hospital. Obviously proximate cause would not be met in that situation, but proximate or legal causation is not required by the guidelines.

*United States v. Ramos-Delgado*, 763 F.3d 398, 402 (5th Cir. 2014).[4]

Perhaps the government will downplay all these concerns by assuring the Court that it will only apply the statute in certain situations. But the Court should "not uphold an unconstitutional

---

[4] If this case proceeds to trial, though, Zamorano would argue that reading the statute to require only but-for cause (instead of also proximate cause) would be erroneous, as a matter of statutory interpretation. The Ninth Circuit makes this point well in *United States v. Pineda-Doval*, 614 F.3d 1019, 1026–27 (9th Cir. 2010). True, courts have often concluded that only but-for cause is required for drug distribution resulting in death or injury. *See United States v. Thompson*, 945 F.3d 340, 346 (5th Cir. 2019). But as *Pineda-Doval* noted, applying but-for cause alone to drug distribution resulting in death or injury offenses makes more sense, because the base offense—distributing drugs—already carries high obvious risks. *See* 614 F.3d at 1028. That's less true for the mere act of transporting aliens. And while the Fifth Circuit has read USSG § 2L1.1(b)(7) to require but-for cause alone, *see Ramos-Delgado*, 763 F.3d at 400–02, that provision is worded differently than the penalty provisions at issue here. And the void for vagueness doctrine does not apply to limit guideline provisions, *see Beckles v. United States*, 580 U.S. 256, 259 (2017), whereas Zamorano would invoke the canon of constitutional avoidance to urge reading the charging statute's penalty provisions to require but-for and proximate cause, since—despite the concerns noted herein—such a reading at least narrows the statute somewhat, *see United States v. Davis*, 588 U.S. 445, 462–65 (2019).

statute merely because the Government promise[s] to use it responsibly." *United States v. Stevens*, 559 U.S. 460, 480 (2010) (citation omitted).

    **iii) In sum.** The Fifth Circuit has repeatedly declined to decide what causation standard applies to the charging statute's penalty provisions. *See, e.g., United States v. Alvarado-Casas*, 715 F.3d 945, 952 (5th Cir. 2013) ("[W]e . . . still need to decide the degree of causation required (e.g., direct causation, but-for causation, substantial-factor causation, command causation, proximate causation, etc.), an issue not resolved by the plain language of the statute or our construction hitherto of it."). Even if the Court reads one of the standards into the statute, the standards themselves are indeterminate, and the offense elements do not require the defendant to engage in any reckless or negligent transportation methods in order to trigger the penalty provisions, which apply if "any person" at all is killed, injured, or jeopardized. "[T]he indeterminacy of [such a] wide-ranging inquiry . . . both denies fair notice to defendants and invites arbitrary enforcement." *Johnson*, 576 U.S. at 597. "Invoking so shapeless a provision to condemn someone to prison for [20] years [or] life [or death] does not comport with the Constitution's guarantee of due process." *Johnson*, 576 U.S. at 602. The Court should hold § 1324(a)(1)(B)(iii) and (iv) facially void for vagueness.

2) **To prevail in a facial vagueness challenge, Zamorano need not show that the law is vague in all applications—or that it is vague as applied to his particular conduct.**

    **i) All applications.** Zamorano argues that he may bring this facial challenge and that the Court can and should rule on it pretrial. For a litigant to prevail in a facial challenge, older case law required that he or she show a statute was "impermissibly vague in all of its applications." *United States v. Clark*, 582 F.3d 607, 612 (5th Cir. 2009) (quoting *Vill. of Hoffman Ests. v. Flipside, Hoffman Ests., Inc.*, 455 U.S. 489, 495 (1982)). That hurdle is no longer in place, as the

Supreme Court disavowed it when holding a sentencing statute void for vagueness, in *Johnson v. United States*:

> In all events, although statements in some of our opinions could be read to suggest otherwise, our *holdings* squarely contradict the theory that a vague provision is constitutional merely because there is some conduct that clearly falls within the provision's grasp. For instance, we have deemed a law prohibiting grocers from charging an "unjust or unreasonable rate" void for vagueness—even though charging someone a thousand dollars for a pound of sugar would surely be unjust and unreasonable. [*United States v. L. Cohen Grocery Co.*, 255 U.S. 81, 89 (1921).] We have similarly deemed void for vagueness a law prohibiting people on sidewalks from "conduct[ing] themselves in a manner annoying to persons passing by"—even though spitting in someone's face would surely be annoying. *Coates v. Cincinnati*, 402 U.S. 611 [] (1971). These decisions refute any suggestion that the existence of some obviously risky crimes establishes the residual clause's constitutionality.

576 U.S. 591, 602-03 (2015) (emphasis in original). The Fifth Circuit has acknowledged that "after *Johnson* . . . [a statute] is not saved by the fact that some conduct clearly falls within [it's] prohibition." *United States v. Westbrooks*, 858 F.3d 317, 325 (5th Cir. 2017), *cert. granted, judgment vacated on other grounds by* 584 U.S. 901 (2018).

      ii) **<u>As-applied requirement.</u>** And after *Johnson*, defendants are no longer required to show that a statute is vague as applied to their conduct—or, put different, that the statute did not clearly prohibit their conduct—in order to raise a facial challenge. *See, e.g., United States v. Wicker*, 933 F.2d 284, 288 (5th Cir. 1991) (explaining and applying this requirement). Zamorano acknowledges that the Fifth Circuit has held otherwise, concluding—after *Johnson*—that "even if a statute might be vague when applied to some situations, 'a defendant whose conduct is clearly prohibited cannot be the one making that challenge.'" *See United States v. Thomas*, 877 F.3d 591, 599 (5th Cir. 2017) (quoting *Westbrooks*, 858 F.3d at 325, *cert. granted, judgment vacated on other grounds by* 584 U.S. 901 (2018)).

The Fifth Circuit is wrong. Under *Johnson*, a defendant no longer needs to show a statute is vague as applied to his conduct in order to raise and win a facial vagueness challenge. And this Court should follow *Johnson*. To explain, "the rule of orderliness" provides that prior Fifth Circuit panel opinions bind courts in the Fifth Circuit (other than the Fifth Circuit en banc), "until the decision is overruled, expressly or implicitly, by either the United States Supreme Court or by the Fifth Circuit sitting en banc." *Miller v. Dunn*, 35 F.4th 1007, 1012 (5th Cir. 2022) (cleaned up). And Fifth Circuit "precedent is implicitly overruled if a subsequent Supreme Court opinion establishes a rule of law inconsistent with that precedent." *Id.* (same).

*Johnson* at least implicitly overruled the Fifth Circuit's precedent requiring as-applied success. After all, *Johnson* facially invalidated the ACCA's residual clause as void for vagueness, without requiring that the defendant show it was void for vagueness as applied to his conduct. *See* 576 U.S. at 597–606; *see also* Donald A. Dripps, *Due Process Overbreadth?*, 73 Okla. L. Rev. 121, 141 (2020) ("Not only did *Johnson* invalidate the residual clause on its face, it did so without first determining whether the clause was vague as applied to Johnson's prior conviction"). And in *Sessions v. Dimaya*, the Supreme Court then did the same for the residual clause in 18 U.S.C. § 16(b). *See* 584 U.S. 148, 157-75 (2018).

The Court should follow *Johnson* and *Dimaya* and conclude that Zamorano may raise his facial vagueness challenge regardless of whether the statute is vague as applied to his conduct. And even if this claim—that Zamorano can bring a facial vagueness challenge without regard to whether the statute is vague as applied to his conduct—is viewed by the Court as foreclosed by

12

current Fifth Circuit precedent,[5] Zamorano still raises and argues the point here, to preserve the question for appellate review.

3) **The Court can and should resolve Zamorano's facial challenge with a pretrial ruling, and he asks the Court to do so.**

Federal Rule of Criminal Procedure 12(b)(1) states that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." *See also* Fed. R. Crim. P. 12(b)(3). If a pretrial motion presents a question of law in a case involving undisputed facts, Rule 12 authorizes the Court to rule on the motion. *See United States v. Flores*, 404 F.3d 320, 325 (5th Cir. 2005); Fed. R. Crim. P. 12(d). Otherwise, the Court would waste resources by allowing a case to proceed to trial and later dismissing it based on the same argument presented through a pretrial motion. *Flores*, 404 F.3d at 325. Zamorano's facial challenge is a purely legal one based on the language of the charging statute and legal authority. So under Rule 12, the Court can and should issue a pretrial ruling on (1) whether § 1324(a)(1)(B)(iii) and (iv) are facially void for vagueness and (2) whether Zamorano may raise such a facial challenge irrespective of the facts of his case. He asks the Court to do so.

4) **Finally, Zamorano argues that the penalty provisions are also void for vagueness as applied to his case. The Court should reserve ruling on this as-applied challenge.**

Last, Zamorano also argues that the penalty provisions are void for vagueness as applied to the facts of his case. However, this challenge hinges on contested facts. For instance, it depends in part on whether the government proves Zamorano knew the air conditioning in the trailer was malfunctioning and, if so, when he knew that fact. Because Zamorano's as-applied challenge

---

[5] *Westbrooks*, the Fifth Circuit case explicitly stating that the as-applied standing requirement survived *Johnson*, was vacated. *See Westbrooks*, 858 F.3d at 325, *cert. granted, judgment vacated on other grounds by* 584 U.S. 901 (2018).

depends on contested issues of fact, the Court cannot "determine[]" that challenge "without a trial on the merits." Fed. R. Crim. P. 12(b)(3). So Zamorano asks the Court to defer ruling on his as-applied challenge until trial. *See* Fed. R. Crim. P. 12(d) (permitting the Court "to defer a ruling" on a pretrial motion if "it finds good cause" to do so). If the Court does so, Zamorano will argue the as-applied challenge, based on the evidence at trial, when he moves for judgment of acquittal under Rule 29.

## CONCLUSION

The charging statute's penalty provisions—§ 1324(a)(1)(B)(iii) and (iv)—are void for vagueness, both on their face and in this case. Zamorano asks the Court to issue a pretrial ruling on (1) whether these provisions are facially void for vagueness and (2) whether Zamorano may raise such a facial challenge irrespective of the facts of his case. And he asks the Court to defer ruling on his as-applied challenge until trial.

Respectfully submitted.

MAUREEN SCOTT FRANCO
Federal Public Defender

/s/ JOSE I. GONZALEZ-FALLA
Assistant Federal Public Defender
Western District of Texas
Lavaca Plaza
504 Lavaca St., Ste. 960
Austin, Texas 78701
(512) 916-5025 / (512) 916-5035 (FAX)
Bar Number: Texas 08135700

*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of September, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of same to:

Sarah Spears
Amanda Brown
Eric Fuchs
U.S. Attorney's Office
601 N. W. Loop 410, Suite 600
San Antonio, Texas 78216-5512

/s/ JOSE I. GONZALEZ-FALLA
*Attorney for Defendant*

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § § | |
| v. § § § | CAUSE NO. 5:22-cr-00366-OLG |
| HOMERO ZAMORANO, JR. § | |

**ORDER GRANTING DEFENDANT ZAMORANO'S MOTION TO DISMISS CHARGING STATUTE'S PENALTY PROVISIONS AS VOID FOR VAGUENESS**

The Court hereby **GRANTS** Defendant Zamorano's MOTION TO DISMISS CHARGING STATUTE'S PENALTY PROVISIONS AS VOID FOR VAGUENESS. The charged penalty elements—§ 1324(a)(1)(B)(iii) and (iv)—are facially void for vagueness. All references to § 1324(a)(1)(B)(iii) and (iv) are hereby **STRUCK FROM THE INDICTMENTS WITH PREJUDICE**.

SO ORDERED on this the _____ day of _____, 2024.

_____
ORLANDO L. GARCIA
United States District Judge