UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIM. NO. SA-22-CR-366 OLG |
| Plaintiff, | |
| v. | |
| HOMERO ZAMORANO, JR. (1), | |
| Defendant. | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS CHARGING STATUTE'S PENALTY
PROVISIONS AS VOID FOR VAGUENESS**

Defendant—who drove a tractor trailer loaded with undocumented migrants, 53 of whom died in the back while trapped inside the trailer—asks this Court to find the enhanced penalty statutes in 8 U.S.C. 1324 are unconstitutionally vague and strike those punishment provisions from the indictment. The Court should deny his motion. The provisions are not unconstitutionally vague and clearly applied to Defendant's conduct, prohibiting this relief.

**I. BACKGROUND**

Defendant Homero Zamorano is charged with participating in an alien-smuggling conspiracy and two alien smuggling counts, which are alleged to have resulted in death and placed lives in jeopardy. Zamorano was involved in a large-scale conspiracy to smuggle aliens into and within the United States. The indictment alleges that, for approximately two years, the organization illegally brought adults and children from Guatemala, Honduras, El Salvador, and Mexico into the United States. Once in the United States, the organization utilized tractor trailers to transport aliens from near the Mexico/United States border to San Antonio. On June 27, 2022, 53 aliens died after

1

traveling in the back of a trailer from Laredo to San Antonio. The lives of others were also placed in jeopardy. Zamorano was a driver who drove tractor-trailer loads of aliens from Laredo to San Antonio, including on that fatal day.

Zamorano now argues that the penalty provisions in sections 1324(a)(1)(B)(iii) and (iv) are unconstitutionally vague. But because sections 1324(a)(1)(B)(iii) and (iv) clearly prohibited Zamorano's conduct, and because those penalty provisions provide a person of ordinary intelligence notice of what is prohibited, his motion should be denied.

## II. ANALYSIS

### A. Zamorano cannot challenge §§ 1324(a)(1)(B)(iii) and (iv) on vagueness grounds because the statute clearly applies to his conduct.

The "touchstone" of any vagueness analysis is "'whether the statute, either standing alone or as construed, made reasonably clear at the relevant time that the defendant's conduct was criminal.'" *United States v. Coleman*, 609 F.3d 699, 706 (5th Cir. 2010) (quoting *United States v. Lanier*, 520 U.S. 259, 267 (1997)). Because vagueness arguments hinge on notice, an objection that a law is unconstitutionally vague "may be overcome in any specific case where reasonable persons would know that their conduct is at risk." *United States v. Rafoi*, 60 F.4th 982, 996 (5th Cir. 2023) (cleaned up). The Court will consider whether a statute is vague as applied to the particular facts at issue, for "[a] plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." *Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495 (1982). Thus, "even if a statute might be vague when applied to some situations, a defendant whose conduct is clearly prohibited cannot be the one making that challenge." *United States v. Thomas*, 877 F.3d 591, 599 (5th Cir. 2017).

Zamorano's conduct was clearly within the confines of the challenged statutes, thus prohibiting him from mounting a successful vagueness challenge. Section 1324(a)(1)(B)(iii) and (iv) authorize an enhanced statutory maximum penalty to certain alien-smuggling offenses that "cause[] serious bodily injury," or "place[] in jeopardy the life of, any person," or "result[] in the death of any person." Even under the strictest interpretation of "cause," "result," and "place,"[1] which might require a showing of direct cause and reasonable foreseeability, *see United States v. De Jesus-Ojeda*, 515 F.3d 434, 445 (5th Cir. 2008), Zamorano's conduct was clearly prohibited.

The evidence at trial will show that the deaths and serious bodily injuries of the aliens he was transporting in the back of his tractor-trailer were reasonably foreseeable to Zamorano and that they would not have died or faced injuries but for Zamorano's knowing criminal conduct of transporting aliens. Zamorano played a pivotal role in the conspiracy. He drove tractor trailer loads of aliens from Laredo, past U.S. Border Patrol checkpoints, to San Antonio on multiple occasions. On that deadly day, the aliens were stripped of most of their belongings, including any cell phones, as they were loaded into the trailer. There were no safety restraints in the trailer nor an ample supply of water. The trailer doors were then locked from the outside while Zamorano transported the load nearly three hours along the highway to San Antonio.[2]   Transporting aliens in this manner clearly carried significant risks to which a reasonable person would have been aware.

---

[1] One lone appellate court has required the government to prove that the defendant proximately caused the death or life-threatening injuries*, see United States v. Pineda-Doval*, 614 F.3d 1019, 1028 (9th Cir. 2010), but Fifth Circuit has thus far declined to take that position*. See United States v. Ruiz-Hernandez*, 890 F.3d 202, 210 (5th Cir. 2018).

[2] On an ancillary but related application, the Fifth Circuit has found much less egregious conduct to be reckless for sentencing guidelines purposes. *See United States v. Mata*, 624 F.3d 170, 174 (5th Cir. 2010) (holding that it was not error to apply the enhancement where an alien was being transported in the cargo area of an SUV (behind the backseat) and had blankets and a stroller placed on top of him); *United States v. Johnson*, 369 Fed. Appx. 569 (5th Cir. 2010) (holding it

3

Unlike the outlier examples Zamorano provides (at Mot. 7–8), his knowing and reckless criminal conduct was an actual and direct cause of the aliens' deaths and life-threatening injuries. As applied to him, both penalty provisions provided abundant notice that a death or serious bodily injury resulting from this smuggling venture would open the door to increased penalties. It was therefore reasonably clear that §§ 1324(a)(1)(B)(iii) and (iv) would penalize Zamorano's illegal conduct.

Because §§ 1324(a)(1)(B)(iii) and (iv) covered Zamorano's conduct, he cannot successfully bring a vagueness challenge. Zamorano attempts to rely on *Johnson v. United States*, 576 U.S. 591 (2015), and its progeny, but "*Johnson* did not change the rule that a defendant whose conduct is clearly prohibited cannot be the one making that challenge." *United States v. Westbrooks*, 858 F.3d 317, 325-36 (5th Cir. 2017), *vacated on other grounds*, 584 U.S. 901 (2018); *see also Thomas*, 877 F.3d at 599 (applying rule post-*Johnson*). Every circuit to consider the question agrees.[3] And even after *Johnson*, the Supreme Court has reiterated that a litigant clearly covered by a law may not raise a successful vagueness claim. *Expressions Hair Design v. Schneiderman*, 581 U.S. 37, 48-49 (2017). So, Zamorano's list of questions about whether and how 1324(a)(1)(B)(iii) and (iv) might apply to other thought-up scenarios is beside the point. *See*

---

was not error to apply the enhancement where seven aliens were wedged in the sleeper compartment of a tractor); *United States v. Garza*, 587 F.3d 304, 309 (5th Cir.2009) (per curiam) (applying the enhancement where aliens were transported on the floorboards of an extended cab pickup truck, positioning the aliens partially underneath the back seat and wedged in between the front and back seats).

[3] *See United States v. Hasson*, 26 F.4th 610, 619-20 (4th Cir. 2022); *United States v. Cook*, 970 F.3d 866, 877 (7th Cir. 2020); *United States v. Bramer*, 832 F.3d 908, 909 (8th Cir. 2016); *Kashem v. Barr*, 941 F.3d 358, 375-76 (9th Cir. 2019); *Morales-Lopez*, 92 F.4th at 942-44.

*Holder v. Humanitarian Law Project*, 561 U.S. 1, 24-25 (2010) (dismissing a similar list of questions as "entirely hypothetical"). And the motion should be denied on this ground alone.

### B. Sections 1324(a)(1)(B)(iii) and (iv) are not unconstitutionally vague.

In any event, Sections 1324(a)(1)(B)(iii) and (iv) are not unconstitutionally vague. The Fifth Amendment's Due Process Clause requires that a criminal statute be sufficiently clear "to provide a person of ordinary intelligence fair notice of what is prohibited" and have standards that do not "authorize[] or encourage[] seriously discriminatory enforcement." *United States v. Williams*, 553 U.S. 285, 304 (2008). Statutory terms need not be defined with "mathematical certainty," *Grayned v. City of Rockford*, 408 U.S. 104, 110 (1972), but need only give "relatively clear guidelines as to prohibited conduct," *Posters 'N' Things, Ltd. v. United States*, 511 U.S. 513, 525 (1994). A statute is not void for vagueness just because "it may be difficult in some cases to determine whether [its] clear requirements have been met," or because it produces close legal questions. *Williams*, 553 U.S. at 306. Courts must presume Acts of Congress are constitutional. *United States v. Anderton*, 901 F.3d 278, 283 (5th Cir. 2018) (citing *Skilling v. United States*, 561 U.S. 358, 405-06 (2010)). Zamorano's vagueness argument fails because Sections 1324(a)(1)(B)(iii) and (iv) put people of ordinary intelligence on notice of what is prohibited—specifically, by exposing smuggled aliens to dangerous situations, there will be an enhanced penalty. Furthermore, there is no danger of increased penalties to otherwise innocent conduct because the increased penalties only apply to those who first violate the base alien-smuggling statute.

Section 1324 provides for escalating penalties for those that violate the statute depending on corresponding escalating occurrences. At the high end—applicable here—a maximum term

of life or death is prescribed if the underlying conduct results in the death of any person, and a maximum term of 20 years is prescribed for transporting aliens "during and in relation to which the persons cause serious bodily injury . . . or places in jeopardy the life of, any person." Zamorano argues that §§ 1324(a)(1)(B)(iii)/(iv) are unconstitutionally vague because: (1) the penalty provisions do not outline a causation standard and (2) "any person" is overtly broad (Def. Mot. 3–10.)

Courts that have considered vagueness challenges to the penalty provisions in Sections 1324(a)(1)(B)(iii) and (iv) have rejected similar arguments. *See, e.g., United States v. Matus-Leva*, 311 F.3d 1214, 1218 (9th Cir. 2002); *United States v. Diaz*, No. 06-100017, 2006 WL 8446631 (S.D. Fla. Sept. 20, 2006), *adopted*, 2006 WL 8446624 (S.D. Fla. Oct. 5, 2006). In *Matus-Leva*, the Ninth Circuit expressly rejected a vagueness challenge to the "resulting" in death penalty provision, holding that the underlying alien-smuggling crime provides the mental-state element for the penalty provision. *Matus-Leva*, 311 F.3d at 1218–19; *see also Diaz*, No. 06-100017, 2006 WL 8446631, at *3. The court also held that the absence of a *separate* mental-state requirement under subsection (a)(1)(B) was not impermissibly vague because the statute's use of the word "resulting" incorporates a causation requirement and puts persons of ordinary intelligence on notice of a potential increased penalty "if they allow those they are smuggling to be exposed to life-threatening conditions during the smuggling process." *Matus-Leva*, 311 F.3d at 1219. The Ninth Circuit further observed there is "no danger" that subsection (a)(1)(B)(iv) will punish otherwise innocent conduct because the provision "only provides increased penalties to those who have criminally smuggled aliens in violation of the immigration laws." *Id*. The mental-state requirement in the charged offenses—§ 1324(a)(1)(A)(ii) and (v)—

6

combined with the requirement that such conduct "causes" or "result[s]" in death or certain injuries sufficiently notifies people of ordinary intelligence of the potential for increased penalties during their alien-smuggling crimes.

Likewise, the absence of an express causation standard does not render it unconstitutional. As Zamorano seems to acknowledge, the penalty provisions in Section 1324(a)(1)(B) and similar penalty provisions incorporate a standard of actual (but-for) causation. *See Matus-Leva*, 311 F.3d at 1219; *Diaz*, 2006 WL 8446631, at *3; *see also Burrage v. United States*, 571 U.S. 204, 210 (2014) (holding phrases like "results from" require proof of but-for causation). It is therefore no surprise that Zamorano fails to point to any case holding Section 1324(a)(1)(B)(iii) or (iv) or any similar penalty provision unconstitutionally vague.

However, several circuits have rejected similar vagueness arguments in drug cases that rely upon similarly worded enhancement statutes. *See United States v. Sadler*, 24 F.4th 515, 563 (6th Cir. 2022); *United States v. Waldrip*, 859 F.3d 446, 451 (7th Cir. 2017). In *Sadler*, the Sixth Circuit held that the United States did not need to prove that the defendant hand delivered drugs to an injured or deceased person or even that a coconspirator directly handed drugs to a person (proximate causation) in order for the enhanced sentence to apply in a drug distribution causing serious bodily injury or death case; rather, the statute requires the United States to prove only that the specific drug underlying the defendant's violation is the same drug that was *but-for cause* of victim's death. *Sadler* at 545-546 (emphasis added). The Court summarized the but-for cause in a two-part test for each deceased victim: (1) did the victim use the defendant's drugs and (2) were those drugs the but-for cause of the victim's overdose. *Id*. at 546. Thus, the Sixth Court found that the statute's language of "resulting in" provided adequate notice to defendants

that there would be increased penalties should certain aggravating results occur during their already-engaged-in criminal conduct.

The Seventh Circuit likewise upheld the constitutionality of the same punishment statute language, finding in *Waldrip* that the 20-year minimum sentence for distributing heroin that resulted in death was not void for vagueness. *Id*. at 450-451. The Court held the provision put drug dealers on clear notice that their sentences would be enhanced if people died from using the drugs they distributed, and the statue required proof that defendant knowingly or intentionally distributed the heroin. *Id*. The Appellate Court reasoned that criminal statutes frequently punish defendants for the unintended consequences of their actions. "'It is unusual to impose criminal punishment for the consequences of purely accidental conduct. But it is not unusual to punish individuals for the unintended consequences of their *unlawful acts*.'" *Id*. (citing *Dean v. United States*, 556 U.S. 568, 575 (2009)). The same analysis is applicable here in the alien smuggling context.

Lastly, Zamorano's argument that the term "any person" is so broad as to render the statute unconstitutional is misplaced. Ultimately, the test for vagueness is whether a person of ordinary intelligence is put on notice of what is prohibited and that the statute does not authorize or encourage discriminating enforcement. All this is under the presumption that acts of Congress are constitutional. *Anderton*, 901 F.3d 278 at 283. The "any person" prong of the punishment provisions is not overly broad because a defendant is not punished for unknowing conduct: a defendant is punished because he was committing an act of alien transportation—which Zamorano concedes is constitutional (Def. Mtn. 2)—and then bears the risks of knowing criminal conduct in facing an enhanced penalty because death resulted from the offense or

serious bodily injury was caused. This statutory scheme does not penalize innocent conduct—it only incrementally punishes those already engaged in criminal activity that a person of ordinary intelligence would know to be unlawful. The statute also does not encourage discriminatory enforcement because the provisions only provide increased penalties to those who have already criminally smuggled aliens in violation of the law.

### III.  CONCLUSION

Because §§ 1324(a)(1)(A)(iii) and (iv) clearly applied to Zamorano's conduct, the Court should deny his Motion to Dismiss. These penalty provisions only provide increased penalties to those who have criminally smuggled aliens in violation of the immigration laws, providing sufficient notice of when its penalty provisions are triggered and reaches no innocent conduct.

JAIME ESPARZA
UNITED STATES ATTORNEY

_/s/_
SARAH SPEARS
Assistant United States Attorney
Texas State Bar No. 24117197
601 NW Loop 410, Suite 600
San Antonio, Texas 78216

_/s/_
ERIC J. FUCHS
Assistant United States Attorney
Texas Bar No. 24059785
601 NW Loop 410, Suite 600
San Antonio, Texas 78216
(210) 384-7445

CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties of record.

/s/
SARAH SPEARS
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | CRIM. NO. SA-22-CR-366 OLG |
| HOMERO ZAMORANO, JR. (1), | |
| Defendant. | |

**O R D E R**

On this day came on to be considered the Defendant's Motion to Dismiss Charging Statute's Penalty Provisions as Void for Vagueness, the Government's Response in Opposition thereto, as well as the entire record. The Court finds that Defendant's Motion is DENIED.

SIGNED and ENTERED this _____ day of _____, 2024.

_____
THE HONORABLE ORLANDO GARCIA
UNITED STATES DISTRICT JUDGE