# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § |
| | § CRIMINAL. NO. SA-22-CR-366-OLG |
| (1) HOMERO ZAMORANO JR., | § |
| (4) FELIPE ORDUNA-TORRES, | § |
| (7) ARMANDO GONZALES-ORTEGA, | § |
| | § |
| Defendants. | § |

## ADVISORY TO THE COURT REGARDING FORFEITURE

### I. INTRODUCTION

The United States provides this Advisory as to the procedures that govern the forfeiture set forth in Rule 32.2 of the Federal Rules of Criminal Procedure.

### II. PROCEDURAL HISTORY

On May 15, 2024, a Third Superseding Indictment (Doc. 256) was returned against the above-named Defendants. In it, the United States included 10 assets in the Notice of Forfeiture. The United States advises the Court that it no longer seeks to forfeit five of those assets. Specifically, the United States will not seek forfeiture of the four cellular phones and the 2016 GMC Sierra Truck. On September 30, 2024, an Amended Second Bill of Particulars for Forfeiture of Property (Doc. 295) was filed, and it included a Notice of Forfeiture of the five remaining assets that the United States seeks to forfeit. Those assets are the following:

1. 1995 Phoenix Ultra refrigerated trailer, VIN 1UYVS2530SU244808, seized from Homero Zamorano, Jr.;
2. 2008 Volvo semi-truck, VIN: 4V4NC9EJ58N265065, seized from Homero Zamorano, Jr.;
3. $59,445.50, More or Less, in United States Currency, seized from Felipe Orduna-

Torres;
4. 2015 Cadillac Escalade, Texas License Plate: SXT 5441, VIN: 1GYS4CKJ3FR259973, seized from Felipe Orduna-Torres; and
5. 2017 Ford F-350 Super Duty Truck, Texas License Plate: SHV 3141; VIN: 1FT8W3DT1HED65986, seized from Felipe Orduna-Torres.

Additionally, in the Amended Second Bill of Particulars for Forfeiture of Property (Doc. 295) the United States amended the amount of the Money Judgment from $41,000 to $240,000. This amount allegedly constitutes the proceeds from the immigration violations that Defendant Felipe Orduna-Torres is solely liable.

The above-named defendants entered not guilty pleas with the Court and a jury trial is set for October 21, 2024 (Doc. 219).

### III. FORFEITURE NOT CONTESTED AS TO ASSETS 1 & 2

The United States seeks to forfeit from Defendant Homero Zamorano Jr. assets 1 and 2 mentioned above. On August 29, 2024, Government's counsel conferred with Defendant Zamorano Jr.'s counsel, Mr. Jose Gonzalez-Falla. In response to an inquiry as to whether the forfeiture of assets 1 and 2 will be contested, Defendant Zamorano Jr.'s counsel informed Government's counsel that Defendant Zamorano Jr. will not be contesting the forfeiture of those assets. Further, Defendant Zamorano Jr.'s counsel asserted that his client has no ownership interest in those assets.

Therefore, the parties inform the Court that there will be no need for a separate forfeiture hearing regarding assets 1 and 2.

### IV. JURY WAIVER REGARDING FORFEITURE OF ASSETS 3 - 5

The United States seeks to forfeit from Defendant Felipe Orduna-Torres assets 3-5 mentioned above. On September 30, 2024, the Government and Defendant Orduna-Torres agreed in writing that if convicted, the forfeitability of any assets shall be submitted to the Court, not the

2

jury (Doc. 296).

Therefore, the parties will not be submitting jury instructions regarding the forfeiture of assets 3-5, and the Court need not determine the forfeitability of these assets at trial.

## V. CONCLUSION

The United States respectfully advises the Court that there will be no need for a hearing regarding the forfeitability of assets 1 and 2 listed in the Amended Second Bill of Particulars for Forfeiture of Property (Doc. 295). Further, the United States advises the Court that the parties have agreed to waive a jury determination on the forfeitability of assets 3-5 in the Amended Second Bill of Particulars. Regarding the money judgment, if Orduna-Torres is convicted, the United States requests the Court determine the amount of money, if any, that the defendant will be ordered to pay.[1] The United States respectfully requests the money judgment determination be made at the sentencing hearing.

                                                    Respectfully submitted,
                                                  JAIME ESPARZA
                                                  United States Attorney

By:   /s/_____
      RAY A. GATTINELLA
      Assistant United States Attorney
      Texas Bar No. 00798202
      601 NW Loop 410, Suite 600
      San Antonio, Texas 78216
      Texas Bar No. 00798202
      Tel: 210-384-7040 / Fax: 210-384-7045
      Email: Ray.Gattinella@usdoj.gov

      Attorneys for the United States of America

---

[1] Rule 32.2(b)(1)(A) provides, "[i]f the government seeks a personal money judgment, the court must determine the am.ount of money that the defendant will be ordered to pay," not the jury. See United States v. Unpradit, 35 F.4th 615 (8th Cir. 2022) (defendant not entitled to have jury determine forfeiture money judgment amount); United States v. Ponzo, 853 F.3d 558, 589 (1st Cir. 2017) (jury not required to determine amount of forfeiture money judgment, Rule 32.2 contemplates that court shall make such determination).

## CERTIFICATE OF SERVICE

I hereby certify that on the October 1, 2024, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to counsel of record.

/s/
RAY A. GATTINELLA
Assistant United States Attorney